# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.

VINCENT S. MERCIER AND IRINA MERCIER,

    Plaintiffs,

vs.

TURNBERRY ISLE SOUTH CONDOMINIUM ASSOCIATION, INC.

    Defendant.

_____/

## COMPLAINT

Plaintiffs, VINCENT S. MERCIER AND IRINA MERCIER (hereinafter "Plaintiffs"), by and through undersigned counsel, hereby file this complaint and sue TURNBERRY ISLE SOUTH CONDOMINIUM ASSOCIATION, INC., for declaratory and injunctive relief; for discrimination based on disability; and for the resultant attorney's fees, expenses, and costs (including, but not limited to, court costs and expert fees), and respectfully state as follows:

### JURISDICTION & VENUE

1. This is an action for injunctive relief and damages for discrimination in housing pursuant to the Fair Housing Act of 1968, as amended at 42 U.S.C. §3604, et seq., the Florida Fair Housing Act, Florida Statutes § 760.20, et seq., and for declaratory relief.

2. This Court has jurisdiction pursuant to 42 U.S.C. §3604, et seq. and 28

U.S.C. §1331. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims because the claims are so related to the claim within this Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because all actions that gave rise to this Complaint occurred in Miami-Dade County, Florida.

**PARTIES**

4. Plaintiff VINCENT S. MERCIER is an adult individual, *sui juris* and the owner of real property located in Miami-Dade County, Florida.

5. Plaintiff IRINA MERCIER is an adult individual, *sui juris* and the owner of real property located in Miami-Dade County, Florida.

6. Defendant TURNBERRY ISLE SOUTH CONDOMINIUM ASSOCIATION, INC. (hereinafter, "Association") is a Florida non-profit corporation with its principal place of business located in Miami-Dade County, Florida.

**GENERAL ALLEGATIONS**

7. Plaintiff VINCENT S. MERCIER is handicapped with impairments which substantially limit one or more of his major life activities.

8. As a result of his handicap and health related conditions, Plaintiff VINCENT S. MERCIER is in need of the assistance of a service animal.

9. Plaintiff IRINA MERCIER is handicapped with impairments which

substantially limit one or more of her major life activities.

10. As a result of her handicap and health related conditions, Plaintiff IRINA MERCIER is in need of the assistance of a service animal.

11. Plaintiffs are the owners of the real property located at 19667 Turnberry Way, Unit 3E, Aventura, Florida 33180 (said property is hereinafter described as "Subject Unit").

12. On numerous occasions, Plaintiffs made formal requests to Defendant Association to permit their service dogs to reside with them in the Subject Unit.

13. On July 12, 2018, the Association filed a petition for arbitration against Plaintiffs. The petition sought an Order requiring Plaintiffs to remove their service dogs from their condominium unit.

14. The arbitration was abated while a complaint was filed with the Florida Commission on Human Relations based on Plaintiff IRINA MERCIER's need for service animals.

15. Plaintiff VINCENT S. MERCIER's disability which requires the assistance of the service animals was not the subject of the complaint which was filed with the Florida Commission on Human Relations.

16. The Florida Commission on Human Relations determined that the letter provided by Ms. Mercier's doctor was insufficient to verify that Ms. Mercier is disabled and thus a member of a protected class. On this basis alone the Florida Commission on Human Relations determined that there is not reasonable cause to believe that a discriminatory

housing practice occurred. It does not appear that the Florida Commission on Human Relations sought to contact Ms. Mercier's physicians or verify whether or not Ms. Mercier truly was disabled.

17. Thereafter, the arbitrator entered an Order to remove Plaintiffs' service animals from the Subject Unit finding them to be a nuisance.

18. The Arbitrator's Order violates Plaintiffs' rights under the Fair Housing Act and the analogous Florida statutes, and is contrary to public policy as it aids the Association in discriminating against Plaintiffs due to their disabilities.

## COUNT I
## VIOLATION OF FEDERAL FAIR HOUSING ACT OF 1968 (42 U.S.C. 3604, et seq.)

19. Plaintiffs reallege and restate the allegations contained in paragraphs 1 through 18 above as if set forth herein in full.

20. 42 U.S.C. 3604 provides that it shall be unlawful-

    (2) to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of –

       (A) that person
         …
    (3) For the purposes of this subsection, discrimination includes-

       (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

21. Plaintiffs are handicapped within the meaning of the Federal Fair Housing Act. Plaintiffs' physical impairments substantially limit one

or more of their major life activities.

22. Defendant Association knew, or should have known of Plaintiffs' handicaps.

23. Plaintiffs formally requested that Defendant Association allow their service dog to reside within the Subject Unit and be present on Defendant Association's property as an accommodation to Plaintiffs' handicaps.

24. The service dogs are reasonable accommodations.

25. Permitting Plaintiffs' service dogs to reside within the Subject Unit and be present on Defendant Association's property would not impose any undue financial or administrative hardships on Defendant Association.

26. A service dog accommodation is necessary to afford Plaintiffs an opportunity to use and enjoy the Subject Unit.

27. Defendant Association has failed or refused to make the requested accommodation for Plaintiffs.

28. As a result of Defendant Associations actions, Plaintiffs have suffered damages.

29. Plaintiffs have retained the Civil Justice Law Firm, PA to represent them and are obligated to pay the Civil Justice Law Firm, PA a reasonable fee for its services. Defendant Association is obligated to pay said attorney's fees pursuant to 42 U.S.C. 3613, and Florida Statutes 718.1255.

30. All conditions precedent to the bringing of this action have occurred or been waived.

WHEREFORE, Plaintiffs VINCENT S. MERCIER and IRINA MERCIER respectfully request that the Court enter judgment in their favor declaring that the actions of Defendant TURNBERRY ISLE SOUTH CONDOMINIUM ASSOCIATION, INC. were discriminatory in nature and in violation of the Federal Fair Housing Act of 1969, 42 U.S.C. 3604 et seq., issuing an injunction requiring Defendant to permit Plaintiffs to maintain their service dogs within the Subject Unit and on the Defendant's property, and awarding damages, including punitive damages, attorney's fees and costs pursuant to 42 U.S.C. 3613 and Florida Statutes 718.1255, together with all such other and further relief as the Court deems just and proper.

**COUNT II**
**VIOLATION OF FLORIDA FAIR HOUSING ACT (Florida Statutes 760.23 et seq.)**

31. Plaintiffs reallege and restate the allegations contained in paragraphs 1 through 18 above as if set forth herein in full.

32. Florida Statutes 760.23 provides in pertinent part:

    (7) It is unlawful to discriminate in the sale or rental of, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of:
    …
       (b) A person residing in or intending to reside in that dwelling after it is sold, rented or made available;
    …
    (8) It is unlawful to discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling,

because of a handicap of:

...

   (b) A person residing in or intending to reside in that dwelling after it is sold, rented or made available;

(9) For purposes of subsections (7) and (8), discrimination includes:

...

   (b) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

33. Plaintiffs are handicapped within the meaning of the Florida Fair Housing Act. Plaintiffs' physical impairments substantially limit one or more of their major life activities.

34. Defendant Association knew, or should have known of Plaintiffs' handicaps.

35. Plaintiffs formally requested that Defendant Association allow their service dogs to reside within the Subject Unit and be present on Defendant Association's property as an accommodation to Plaintiffs' handicaps.

36. The service dogs are reasonable accommodations.

37. Permitting Plaintiffs' service dogs to reside within the Subject Unit and be present on Defendant Association's property would not impose any undue financial or administrative hardships on Defendant Association.

38. A service dog accommodation is necessary to afford Plaintiffs an opportunity to use and enjoy the Subject Unit.

39. Defendant Association has failed or refused to make the requested accommodation for Plaintiffs.

40. As a result of Defendant Associations actions, Plaintiffs have suffered damages.

41. Plaintiffs have retained the Civil Justice Law Firm, PA to represent them and are obligated to pay the Civil Justice Law Firm, PA a reasonable fee for its services. Defendant Association is obligated to pay said attorney's fees pursuant to Florida Statutes 760.35, and Florida Statutes 718.1255.

42. All conditions precedent to the bringing of this action have occurred or been waived.

43. WHEREFORE, Plaintiffs VINCENT S. MERCIER and IRINA MERCIER respectfully request that the Court enter judgment in their favor declaring that the actions of Defendant TURNBERRY ISLE SOUTH CONDOMINIUM ASSOCIATION, INC. were discriminatory in nature and in violation of the Florida Fair Housing Act, Florida Statutes, 760.20, et seq., issuing an injunction requiring Defendant to permit Plaintiffs to maintain their service dogs within the Subject Unit and on the Defendant's property, and awarding damages, including punitive damages, attorney's fees and costs pursuant to Florida Statutes 760.35 and Florida Statutes 718.1255, together with all such other and further relief as the Court deems just and proper.

## COUNT III
## DECLARATORY RELIEF

44. Plaintiffs reallege and restate the allegations contained in paragraphs 1 through 18 above as if set forth herein in full.

45. Plaintiffs and Defendant agree that a service animal would be permitted, however, Defendant Association contends that the service dogs are a nuisance.

46. Plaintiffs deny that the service dogs are a nuisance.

47. There is a bonafide, actual, present practical need for a determination as to whether Plaintiffs may keep their service dogs in the Subject Unit and on Defendant's property.

48. The declaration sought pertains to a present, ascertained state of facts regarding whether Plaintiffs can keep their service dogs in the Subject Unit and on Defendant Association's property.

49. Plaintiffs are in need of a declaration as to their rights, status, immunity, powers and privileges under the Federal Fair Housing Act of 1968, and the Florida Fair Housing Act.

50. All persons having an actual present, antagonistic and adverse interest in the subject matter have been joined in this action, and all adverse interest are before the Court by proper process.

51. The relief sought is not merely giving of legal advice by the Court or the answer to questions propounded from curiosity; rather the relief sought is an approved use of the Declaratory Judgment Act under Florida law.

52. Plaintiffs are without adequate remedy at law.

53. Plaintiffs have retained the Civil Justice Law Firm, PA to represent them and are obligated to pay the Civil Justice Law Firm, PA a

reasonable fee for its services. Defendant Association is obligated to pay said attorney's fees pursuant to Florida Statutes 718.1255.

54. All conditions precedent to the bringing of this action have occurred or been waived.

55. WHEREFORE, Plaintiffs VINCENT S. MERCIER and IRINA MERCIER respectfully request that the Court enter an Order declaring Plaintiffs' right to maintain their service dogs within the Subject Unit and on the Defendant's property, and an award of Attorney's Fees and costs pursuant to Florida Statutes 718.1255, together with all such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs, VINCENT S MERCIER and IRINA MERCIER, hereby demand trial by jury on all issues so triable.

Dated this September 14, 2021.

Respectfully submitted by:

*Ronnette Gleizer*
Ronnette Gleizer, Esq.
Florida Bar No. 87417
THE CIVIL JUSTICE LAW FIRM, P.A.
1250 East Hallandale Beach Boulevard, Suite 503
Hallandale Beach, Florida 33009
Telephone: (954) 639-7016
Facsimile: (954) 639-7198
Rona@civiljusticefirm.com
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

VINCENT S. MERCIER AND IRINA
MERCIER,

      Plaintiffs,

      vs.

TURNBERRY ISLE SOUTH CONDOMINIUM
ASSOCIATION, INC.

      Defendant.
_____/

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on September 15, 2021, I electronically filed the Complaint along with a Summons for each Defendant with the Clerk of Court using CM/ECF. I also certify that the aforementioned documents are being served on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified via Service of Process by an authorized Process Server, and that all future pleadings, motions and documents will be served either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*Ronnette Gleizer*
Ronnette Gleizer, Esq.
Florida Bar No. 87417
THE CIVIL JUSTICE LAW FIRM, P.A.
1250 East Hallandale Beach Boulevard, Suite 503
Hallandale Beach, Florida 33009
Telephone: (954) 639-7016
Facsimile: (954) 639-7198
Rona@civiljusticefirm.com
Attorney for Plaintiffs

## **SERVICE LIST**:

VINCENT S. MERCIER AND IRINA MERCIER, Plaintiffs, vs. TURNBERRY ISLE SOUTH CONDOMINIUM ASSOCIATION, INC., Defendant

United States District Court Southern District of Florida

CASE NO.

**TURNBERRY ISLE SOUTH CONDOMINIUM ASSOCIATION, INC.**

**REGISTERED AGENT:**

BLAXBERG, BARRY I.
25 SE 2nd AVE
#730
MIAMI, FL 33131

**VIA PROCESS SERVER**