UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-23311-COOKE/O'SULLIVAN

VINCENT S. MERCIER, and
IRINA MERCIER,

      Plaintiffs,

v.

TURNBERRY ISLE SOUTH CONDOMINIUM
ASSOCIATION, INC.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Plaintiffs' Renewed Motion to Stay
Removal of Plaintiffs' Service Dogs from Plaintiffs' Home (DE# 24, 11/8/21) ("Renewed
Motion"). This matter was referred to the undersigned by the Honorable Marcia G.
Cooke, United States District Judge. See Endorsed Order Referring Plaintiff's
Emergency Motion to Stay Removal of Service Dogs  (DE# 13, 10/18/21). Having
reviewed the Renewed Motion and exhibits, the Defendants' Response to Plaintiffs'
Renewed Motion to Stay Removal of Plaintiffs' Service Dogs from Plaintiffs' Home (DE#
25, 11/15/21) ("Response") and exhibits, and the Plaintiffs' Reply to Defendants'
Response to Plaintiffs' Renewed Motion to Stay Removal of Plaintiffs' Service Dogs
from Plaintiffs' Home ("Reply") and exhibit, it is RESPECTFULLY RECOMMENDED that
the Plaintiffs' Renewed Motion to Stay Removal of Plaintiffs' Service Dogs from
Plaintiffs' Home (DE# 24, 11/8/21) be DENIED for the reasons set forth below.

INTRODUCTION

In their Renewed Motion, the plaintiffs seek injunctive relief and damages for

discrimination in housing pursuant to the Fair Housing Act of 1968, as amended at 42

U.S.C. § 3604, et seq. ("federal FHA"), as well as the Florida Fair Housing Act, Florida

Statutes § 760.20, et seq. (" state FHA"), and the plaintiffs seek declaratory relief from

the state trial court's Summary Final Judgment so that the plaintiffs' two service dogs

may not be removed from the plaintiffs' condominium unit where they have lived since

the Condominium granted their accommodation in 2011.  The plaintiffs argue that the

FHA preempts state law including the state court's entry of a Summary Final Judgment

based on the Arbitration Orders due to the plaintiffs' failure to file a trial de novo within

thirty days of rendition of the arbitration award.  The plaintiffs argue further that the

arbitrator lacked authority to rule on the plaintiffs' discriminatory housing claims.

The defendant argues that this District Court lacks authority to grant the plaintiffs'

requested injunctive and declaratory relief because the *Rooker-Feldman* Doctrine

applies. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of

Appeals v. Feldman, 460 U.S. 462 (1983). The *Rooker-Feldman* Doctrine precludes a

district court from reviewing a state court civil judgment under certain limited

circumstances.  Only the United States Supreme Court has jurisdiction to conduct an

appellate review of the state court order.  The plaintiff contends that the *Rooker-*

*Feldman* Doctrine does not apply. Additionally, the defendant argues that the plaintiffs

are not entitled to injunctive relief because they have failed to prove there is a

substantial likelihood of success on the merits on their state and federal discriminatory

2

housing claims against the Condominium.

For the reasons set forth below, the undersigned finds that the *Rooker-Feldman* Doctrine applies to the plaintiffs' Renewed Motion.  Accordingly, this Court lacks authority to review the state trial court's Summary Final Judgment and lacks authority to grant the plaintiffs' requested relief.  The undersigned respectfully recommends that this Court DENY the plaintiffs' Renewed Motion.

BACKGROUND

In 2011, the defendant, Turnberry Isle South Condominium Association, Inc. ("Condominium"), granted the plaintiffs' request for an accommodation from the Condominium's no-pet policy[1] to allow the plaintiffs to have two service dogs reside with them.[2]

On July 12, 2018, approximately seven years after the Condominium granted the plaintiffs' requested accommodation, the defendant filed a petition for arbitration against the plaintiffs before the Florida Department of Business and Professional Regulation pursuant to Section 718.1255 of the Florida Statutes. The defendant sought an order to have the plaintiffs remove the two service dogs from the plaintiffs' condominium unit on

---

[1]See Section 4 of the Condominium Association's Rules and Regulations (pg. 189), "Pets" attached as Ex. D to the Response (DE# 25-4, 11/15/21).

[2]The defendant does not dispute that the plaintiffs are disabled individuals. The plaintiffs did not submit an affidavit to attest to their disabled status. Instead, the plaintiffs' attached letters from their respective doctors regarding  Mr. Mercier's dementia and Ms. Mercier's diabetes.  See Medical Letter for Vincent Mercier, Ex. A (DE# 24-1, 11/8/21); see also Medical Letter for Irina Mericer, Ex. B (DE# 24-2, 11/8/21). The plaintiffs assert that the service dogs were trained to alert and aid the plaintiffs.  The plaintiffs maintain that the service animals are registered as Certified Service Animals with the National Service Animal Registry.  See Certificates and ID cards, Ex. C (DE# 24-3, 11/8/21).

the ground that the service dogs were a nuisance based on several unit owners' complaints regarding the plaintiffs' service dogs' excessive barking.

While the arbitration proceeding was pending, the plaintiffs filed a housing discrimination complaint with the Fair Housing Authority.  The arbitrator abated the arbitration proceedings from November 29, 2018 through July 20, 2020.  During the 20-month abatement, the plaintiffs ignored many directives from the Arbitrator to file periodic status reports regarding the fair housing proceeding.

On August 21, 2020, after the plaintiffs ignored the Arbitrator's fourth directive to show cause, the Arbitrator entered an order (the "Arbitration Order") in favor of the Condominium and against the plaintiffs.  The arbitrator found the two service dogs constituted a nuisance under the Condominium's governing documents and entered an Arbitration Order that required the plaintiffs to remove their service dogs.  See Arbitration Order (DE# 24-4, 11/8/21).  The Arbitrator explained that the non-binding arbitration decision was based on the plaintiffs' failure to respond to the Condominium's pleadings. Id.  The plaintiffs failed to file a complaint for trial de novo within 30 days of the non-binding Arbitration Order as required by Florida law.

To date, the plaintiffs have failed to comply with the Arbitration Order and the service dogs remain in the plaintiffs' condominium unit as they have for the past ten years.

In 2020, the Condominium filed a Complaint in state court to enforce the portion of the Arbitration Order that entitled the Condominium to prevailing party attorneys' fees and costs. In response to the state-court Complaint, the plaintiff filed three motions for extensions of time (December 16, 2020, January 6, 2021, and January 11, 2021) and a Motion to Dismiss which was denied.  On April 12, 2021, the plaintiffs filed their Answer and Affirmative Defenses and a Counterclaim.  (DE# 25- 5, 11/15/21).  The Counterclaim sought to vacate the Arbitration Order.  The Condominium filed a motion for summary judgment on its Complaint and the plaintiff's counterclaim.  The plaintiffs failed to file a response in opposition to the Condominium's motion for summary judgment, failed to file record evidence to oppose the Condominium's motion and to support the plaintiffs' position, and failed to file their own dispositive pleading.

On September 14, 2021, the same day that the state court held a hearing on the Condominium's Motion for Summary Judgment, the plaintiffs filed their Complaint against the Condominium in the present action before this Court. Complaint (DE# 1, 9/14/21). The plaintiffs' Complaint asserts three counts: Count I alleges violation of the federal Fair Housing Act of 1968 (42 U.S.C. § 3604, et seq.) ; Count II alleges violation of the Florida Fair Housing Act (Fla. Stat. § 760.23 et seq.); and Count III seeks Declaratory Relief "as to their rights, status, immunity, powers and privileges under the Federal Fair Housing Act of 1968, and the Florida Fair Housing Act." Complaint at ¶ 49 (DE# 1, 9/14/21). As a result, the state court stayed the Condominium's execution of the Arbitration Order for a period of thirty (30) days pending this Court's determination as to the plaintiff's housing discrimination claims.

On September 17, 2021, the state court granted the Condominium's Motion for Summary Judgment and entered the Summary Final Judgment of Enforcement of Arbitration Order (DE# 24-5, 11/8/21) (DE# 25-3, 11/15/21) ("Summary Final Judgment"), which is the subject of the plaintiffs' Renewed Motion in this Court. In the Summary Final Judgment, the state trial court found:

> There is no genuine issue as to any material fact in this cause, and [Turnberry Isle South Condominium Association, Inc.] is entitled to Summary Final Judgment pursuant to law on both its Complaint and on the [Merciers'] Counterclaim. The Court finds the Arbitration Orders entered on August 21, 2020 and October 27, 2020 are valid and enforceable. The [Merciers] asserted their defenses pursuant to Florida and Federal fair housing law in the arbitration forum without success. Accordingly, this court is preclud[ed] from considering the same now. Even if the Court were inclined to accept the [Merciers'] arguments that the arbiter had no jurisdiction to adjudicate claims under fair housing law, there is no evidence before this court showing that any affirmative claim for relief under fair housing law was either made to or adjudicated by the arbiter.

Id. The state court explained further:

> The [Merciers] have admittedly refused to comply with the Arbitration Order, alleging instead that the arbitration proceeding should be vacated. In their Answer, the [Merciers] assert three affirmative defenses: (1) That the Arbitration [Order] is Void because arbitration is not a valid forum for adjudication of Florida or Federal Fair Housing Act claims; (2) that the

> Arbitration [Order] violate[s] the Florida Fair Housing Act; and (3) that the [Condominium] has engaged in selective enforcement of its rules by requiring the [Merciers] to remove their dogs.

Id. In the Summary Final Judgment, "[t]he [state court] acknowledge[d] the [Merciers'] Counterclaim to be a complaint for trial *de novo* of the arbitration proceedings," but denied the plaintiffs' request for a trial de novo as untimely because it was not filed within 30 days of rendition of the Arbitration Order as required by Section 718.1255(k) of the Florida Statutes. Id.

On October 14, 2021, the plaintiffs filed the Plaintiffs' Emergency Motion to Stay Removal of Plaintiffs' Service Dogs from Plaintiffs' Home (DE# 12, 10/14/21). On October 20, 2021, the undersigned held a telephonic hearing on the plaintiffs' Emergency Motion, heard argument of the parties' counsel, and denied the Emergency Motion without prejudice to renew. See Order (DE# 18, 10/20/21). In that same Order, the undersigned established a briefing schedule for the plaintiffs' anticipated renewed motion to stay removal. See id. During the October 20, 2021 hearing, the undersigned warned the plaintiffs' counsel that the plaintiffs needed to address the four requisites for entitlement to injunctive relief and the *Rooker-Feldman* Doctrine in any renewed motion and memorandum of law and that the Court could consider hearsay evidence in the form of an affidavit on the motion seeking a preliminary injunction.

On November 8, 2021, the plaintiffs filed the Plaintiffs' Renewed Motion to Stay Removal of Plaintiffs' Service Dogs from Plaintiffs' Home and exhibits. (DE# 24, 11/8/21) ("Renewed Motion"). The plaintiffs did not submit an affidavit in support of their Renewed Motion.

On November 15, 2021, the defendant filed the Defendant's Response to Plaintiffs' Renewed Motion to Stay Removal of Plaintiffs' Service Dogs from Plaintiffs' Home (DE# 25, 11/15/21) ("Response") and exhibits, including the Affidavit of Jonathan Scheppes ("Scheppes' Affidavit"), the Condominium's Property Manager, who provides testimony as to the history of the accommodation and other condominium owners' complaints regarding the service dogs excessive barking. See Scheppes' Affidavit (DE# 25-1, 11/15/21).

On November 29, 2019, the plaintiffs filed the Plaintiffs' Reply to Defendants' Response to Plaintiffs' Renewed Motion to Stay Removal of Plaintiffs' Service Dogs from Plaintiffs' Home (DE# 28, 11/29/21) ("Reply") and an exhibit.

The plaintiffs' Renewed Motion is ripe for disposition.

### ANALYSIS

I.  The *Rooker-Feldman* Doctrine Applies and Prevents this District Court from Reviewing the State Trial Court's Summary Final Judgment That Requires Removal of Two Service Dogs from the Plaintiffs' Condominium Unit

The Condominium argues that the *Rooker-Feldman* doctrine precludes the federal district court from presiding as an appellate court over the state trial court's decision when challenged as violating federal law. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Such jurisdiction lies solely with the U.S. Supreme Court.  District courts are "original" jurisdiction courts.  28 U.S.C. § 1331. "According to the *Rooker-Feldman* doctrine, 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings." Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996). The *Rooker-Feldman* doctrine precludes this Court from reviewing final judgments of a state court. See Johnson v. Law Offices of Marshall C. Watson, No. 07-cv-00225-MP-AK, 2007 WL 4531548, at *3 (N.D. Fla. Dec. 19, 2007) ("A federal court must give the same preclusive effect to a state court judgement as would the state.") (citing 28 U.S.C. § 1738; other citations omitted).  "The *Rooker-Feldman* Doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."  Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing Feldman, 460 U.S. at 482). The

Supreme Court explained that "[t]he *Rooker-Feldman* Doctrine ... is confined to ... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

The *Rooker-Feldman* doctrine is based on two statutes: "(1) 28 U.S.C. § 1257, which limits federal review of state court proceedings to the United States Supreme Court, and (2) 28 U.S.C. § 1331, which provides that federal district courts are courts of original jurisdiction." Id. (citing Rooker, 263 U.S. at 415-16). "The doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment." Feldman, 460 U.S. 482 n.16.

In their Renewed Motion, the plaintiffs argue that the *Rooker-Feldman* doctrine does not apply because: (1) their disability discrimination claims were not raised in the state court or are not inextricably intertwined; (2) the plaintiffs did not have a reasonable opportunity to raise their federal claims in the state proceedings; and (3) the *Rooker-Feldman* doctrine only applies to a federal district court's review of state-court civil judgments and not to arbitration orders.  Renewed Motion at 7 (DE# 24, 11/8/21) (citing Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996)).  The plaintiffs' reliance on Powell is misplaced. The Powell decision supports the defendant's argument that this Court cannot review and reverse the state court's enforcement of the Arbitration Order in the state court's Summary Final Judgment.

In Powell, the Eleventh Circuit held that "under the *Rooker-Feldman* doctrine the district court lacked jurisdiction over Mr. Powell's claim that the [Uniformed Services Former Spouses' Protection Act (the "FSPA") was] unconstitutional as applied to him." Id. at 468.  The Powell court explained further that Mr. Powell's "claim could, and should, have been raised in the state court, not in a federal court in what amounts to a collateral attack on the state court judgment." Id. The Eleventh Circuit "VACATE[D] the judgment of the district court, and REMAND[ED] to that court with instructions to dismiss the complaint." Id. (emphasis in original). Similarly, the plaintiffs in the present action could have and should have pursued their housing discrimination claims in the arbitration and state court proceedings.

Additionally, the plaintiffs rely on non-binding cases that are factually and/or legally distinguishable. See, Astralis Condominium Ass'n v. Secretary, U.S. Dep't of HUD, 620 F.3d 62 (1st Cir. 2010); Warren v. Delvista Towers Condo. Ass'n, Inc., 49 F. Supp. 3d 1082 (S.D. Fla. 2014).  In Astralis Condominium, the First Circuit granted HUD's application for enforcement of the HUD Secretary's determination that the condominium association violated the Fair Housing Amendments Act of 1988 ("FHAA") by refusing to grant the condominium owners a reasonable accommodation for their disabilities to have handicapped parking spots assigned despite Puerto Rico's condominium law that provided the transfer of common elements after construction requires the unanimous consent of the condominium owners.  Astralis Condominium, 620 F.3d at 70. Unlike the present case, the *Rooker-Feldman* Doctrine was not implicated in Astralis Condominium.  The parties were not seeking review of a state-

court civil judgment.  Rather, the parties were seeking review of an Administrative Law

Judge's decision that found the condominium association violated the FHAA by failing to

assign handicap parking spaces to the disabled unit owners.

In Warren, the district court denied the defendants' motion for summary judgment

and found that genuine issues of material fact existed as to whether the plaintiff's

request for an accommodation to modify the condominium association's no-pet policy to

allow him to have a pit bull service dog was unreasonable. In Warren, the defendant

claimed that the plaintiff's accommodation request was unreasonable because a Miami-

Dade County ordinance bars the pit bull breed. In Warren, the district court held that

"the Miami-Dade County ordinance is preempted by the FHA" because "the breed ban

'stands as an obstacle' to the objectives of Congress in enacting the FHA, by allowing a

condominium complex to prevent equal opportunities in housing based on the breed of

a dog." Warren, 49 F. Supp. 3d at 1089 (quoting Jones v. Rath Packing Co., 430 U.S.

523 (1977)). Unlike the present action, in Warren, the plaintiffs' federal FHA claims were

brought in federal, not state, court and the decision was made by the federal district

court. The *Rooker-Feldman* Doctrine was not implicated and did not apply in Warren.

A.    The Plaintiffs' Federal Housing Discrimination Claims Are "Inextricably
      Intertwined" with the State Court Proceedings

The plaintiffs' argument that the discriminatory housing claims asserted and

requests for injunctive and declaratory relief by the plaintiffs in the subject federal action

are not inextricably intertwined with the state court proceedings and particularly, the

state court's Summary Final Judgment as well as the underlying arbitration proceeding

lacks merit.  "A claim is inextricably intertwined if it would 'effectively nullify' the sate

10

court judgment ... or it 'succeeds only to the extent that the state court wrongly decided the issues.'" Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (quoting Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001)); see Feldman, 460 U.S. 482 n.16.

In 2018, after the Condominium commenced its arbitration proceeding to remove the plaintiffs' service dogs due to excessive barking, the plaintiffs filed a discrimination housing complaint with the Fair Housing Authority. The plaintiffs sought a disability determination so that they could keep their two service dogs. Based on the plaintiffs' Fair Housing Authority filing, the arbitrator abated the Condominium's arbitration proceeding for almost two years. Evidently, the plaintiffs failed to prosecute their discriminatory housing claim before the Fair Housing Authority and failed to respond to the arbitrator's multiple directives to provide updated status reports. Additionally, the plaintiffs' failed to respond to the arbitrator's fifth and final July 21, 2020 Order to Show Cause. Thereafter, the arbitrator entered an August 13, 2020 Summary Final Order and an August 30, 2020 Amended Summary Final Order (hereinafter "Arbitration Order"). See Arbitration Order (DE# 24-4, 11/8/21) ("The [Merciers'] dogs are found to be a nuisance due to their excessive barking and as such the [Merciers] are required to remove the two dogs from their unit in compliance with the requirements of 5B of the Association's Rules and Regulations.").

The defendant argues that the plaintiffs' own inaction resulted in the Arbitration Order being entered against them. Response at 3 (DE# 25, 11/15/21). The defendant maintains that the arbitrator issued the Arbitration Order in favor of the Condominium

11

because the Condominium's pleadings went unopposed.  Once again, the plaintiffs sat

on their rights and failed to file a complaint for trial de novo within thirty (30) days of the

August 30, 2020 Arbitration Order.

The undersigned finds that the Merciers sat on their rights a third time.

Approximately eight months after the August 30, 2020 Arbitration Order was entered,

and after obtaining three court extensions, on April 12, 2021, the Merciers raised their

FHA's discrimination claims in their Answer to the Condominium's state court

Complaint. See [Merciers'] Answer, Affirmative Defenses and Counterclaim (DE# 25-5,

11/15/21). Two of the four affirmative defenses alleged violations of the FHA. The Third

Affirmative Defense alleged in pertinent part:

> [The Condominium's] attempt to remove [the Merciers'] service animals
> constitutes a failure to reasonably accommodate in violation of 42 U.S.C.
> § 3604(f)(3)(B) and [Fla.] Stat. [§] 760.23(9)(b), and discrimination in the
> terms, conditions, or privileges in the provision of services or facilities in
> connection with a dwelling in violation of 42 U.S.C. § 3604(f) and [Fla.]
> Stat. [§] 760.23(8).

Id.  The Merciers' Answer also asserted a Counterclaim that asked the state court to

vacate the Arbitration Order because the FHA preempts the Condominium's Rules and

Regulations and the arbitrator lacked authority. Id. Counterclaim at ¶¶ 18-21.

In the present federal action, the plaintiffs' Complaint asserts three counts: Count

I alleges violation of the federal Fair Housing Act of 1968 (42 U.S.C. § 3604, et seq.) ;

Count II alleges violation of the Florida Fair Housing Act (Fla. Stat. § 760.23 et seq.);

and Count III seeks Declaratory Relief "as to their rights, status, immunity, powers and

privileges under the Federal Fair Housing Act of 1968, and the Florida Fair Housing

Act." Complaint at ¶ 49 (DE# 1, 9/14/21).

The undersigned finds that the Merciers sat on their rights a fourth time when they failed to file any response or evidence in opposition to the Condominium's Motion for Summary Judgment on its Complaint and Plaintiffs' Counterclaim.  The plaintiffs also failed to file their own dispositive motion.  True to form, on September 14, 2021, the same day the Condominium's motion for summary judgment was set for a hearing before the state trial court,  the plaintiffs filed the present action in federal court and advised the state court that they had done so.

On September 17, 2021, the state court enforced the Arbitration Order and entered its Summary Final Judgment. In its Summary Final Judgment the state court followed Rule 1.510(c)(5) of the Florida Rules of Civil Procedure and applicable Florida law that holds that arbitration orders become binding and enforceable if a complaint for trial de novo is not filed within the prescribed time period (i.e. thirty (30) days of rendition of the arbitration order).  Fla. R. Civ. P.  1.510(c)(5); see Neate v. Cypress Club Condo., Inc., 718 So. 2d 390, 393 (Fla. 4ᵗʰ DCA 1998) (holding "that a party to a dispute covered by section 718.1255 [of the Florida Statutes] who desires not to accept an arbitrator's decision in a stayed, unauthorized action must still comply with the statutory requirement and formally file a complaint in [state] court for a trial de novo within 30 days of the arbitrator's written decision" and affirming the trial court's dismissal of the action and enforcement of the arbitrator's decision due to the party's failure to file a timely trial de novo).

The plaintiffs contend that the Condominium's arguments that the "Plaintiffs unquestionably raised their FHA's discrimination claims during the State Court

13

proceedings" ... "is unequivocally untrue." Reply at 5 (DE# 28, 11/29/21) (quoting the

Condominium's Response).  The undersigned disagrees.  The undersigned finds that

although neither the arbitrator nor the state trial court adjudicated the merits of the

plaintiffs' substantive housing discrimination claims due to the Merciers' failures,[3] the

plaintiffs raised their housing discrimination claims in the state trial court proceedings

and the underlying arbitration proceedings.  The undersigned further finds that the

plaintiffs' housing discrimination claims raised in the state court proceedings and the

underlying arbitration proceedings are inextricably intertwined with the substantive

housing discrimination claims asserted in the plaintiffs' Complaint in the present federal

action.  Accordingly, the *Rooker-Feldman* Doctrine applies and precludes this Court

from reviewing the state trial court's Summary Final Judgment.  This Court should deny

the plaintiffs' Renewed Motion.

B.      The Plaintiff Possessed a Reasonable Opportunity to Present Their
         Federal Claims in the State Court Proceedings

The Eleventh Circuit has "recognized an 'important limitation' on the *Rooker-*

*Feldman* doctrine when the plaintiff had no 'reasonable opportunity to raise his federal

claim in state court proceedings.'" Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996)

(quoting Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir. 1983), cert. denied,

467 U.S. 1210 (1984)).  In Powell, the Eleventh Circuit explained that "[i]n our federal

system, a state court's interpretation of federal law is no less authoritative than that of

---

[3]The Merciers' failures include: the failure to prosecute their housing discrimination claim before the Fair Housing Authority, the failure to respond to the arbitrators' multiple show cause orders, the failure to respond to or submit evidence in opposition to the Condominium's motion for summary judgment; and the failure to timely file a complaint de novo challenging the adverse Amended Arbitration Order.

the federal court of appeals in whose circuit the trial court is located." Powell, 80 F.3d at

467 (quoting Lockhart v. Fretwell 506 U.S. 364, 376 (1993) (Thomas, J., concurring)).

"A litigant may not escape application of the *Rooker-Feldman* Doctrine by merely

electing not to appeal an adverse state trial court judgment." Id.

As set forth in sub-section A above, the undersigned finds that the plaintiffs

possessed several reasonable opportunities to present their housing discrimination

claims in the state court proceedings as well as the underlying arbitration proceeding

but repeatedly failed to do so.  Because the *Rooker-Feldman* Doctrine applies and

precludes this Court from reviewing and reversing the state court's Summary Final

Judgment, this Court should deny the plaintiffs' Renewed Motion.

C.      The *Rooker-Feldman* Doctrine Applies Because the District Court Is Sitting
        in Review of a State-Court Civil Judgment, Not an Arbitration Order

The plaintiffs' argument that the *Rooker-Feldman* Doctrine does not apply

because this Court is being asked to review an Arbitration Order rather than a state

court civil judgment lacks merit.  The plaintiffs are state-court losers asking this Court to

review a state court judgment, that is the Summary Final Judgment, which the *Rooker-*

*Feldman* Doctrine prohibits. Such review of state court final judgments "is reserved for

state appellate courts or, as a last resort, the United States Supreme Court."  Casale v.

Tillman, 558 F.3d 1258, 1260 (11ᵗʰ Cir. 2009) (citing Feldman, 460 U.S. at 482). The

Supreme Court explained that "[t]he *Rooker-Feldman* Doctrine ... is confined to ... cases

brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting district court

review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries

Corp., 544 U.S. 280, 284 (2005).  The undersigned finds that the *Rooker-Feldman*

Doctrine applies because the plaintiffs are seeking review of the state trial court's

Summary Final Judgment, not the Arbitration Order.   This Court should deny the

plaintiffs' Renewed Motion.

Because the undersigned finds that the *Rooker-Feldman* Doctrine applies, the

District Court lacks authority to review the state trial court's Summary Final Judgment

and lacks authority to grant the injunctive and declaratory relief sought in the plaintiffs'

Renewed Motion.  This Court should deny the plaintiffs' Renewed Motion.

## **RECOMMENDATION**

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that the

Plaintiffs' Renewed Motion to Stay Removal of Plaintiffs' Service Dogs from Plaintiffs'

Home (DE# 24, 11/8/21)  be **DENIED**.

The parties will have fourteen (14) days from the date of being served with a

copy of this Report and Recommendation within which to file written objections, if any,

with the Honorable Marcia G. Cooke, United States District Judge. Failure to file

objections timely shall bar the parties from a *de novo* determination by the District

Judge of an issue covered in the Report and shall bar the parties from attacking on

appeal unobjected-to factual and legal conclusions contained in this Report except upon

grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1);

Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191-1192 (11th Cir.

2020); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794

(1989); 11th Cir. R. 3-1 (2016).

      Respectfully submitted in Chambers at Miami, Florida this 20th day of December,

2021.

                                      _____
                                        JOHN J. O'SULLIVAN
                                        CHIEF UNITED STATES MAGISTRATE JUDGE