**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-23311-COOKE/DAMIAN

VINCENT S. MERCIER and
IRINA MERCIER,

      Plaintiffs,

vs.

TURNBERRY ISLE SOUTH
CONDOMINIUM ASSOCIATION, INC.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S
## MOTION FOR ENTITLEMENT TO PREVAILING PARTY FEES [ECF NO. 32]

THIS CAUSE is before the Court on Defendant, Turnberry Isle South Condominium Association, Inc.'s (the "Association" or "Defendant"), Motion for Entitlement to Prevailing Party Fees (the "Motion"), filed May 18, 2022. [ECF No. 32]. This matter was referred to the undersigned by the Honorable Marcia G. Cooke, United States District Judge, for a Report and Recommendation. [ECF Nos. 9 and 30]. *See* 28 U.S.C. § 636(b).

The undersigned has considered the Motion, the parties' memoranda [ECF Nos. 38 and 39], and the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons set forth below, the undersigned recommends that the Motion for Entitlement to Prevailing Party Fees [ECF No. 32] be denied.

### I.   BACKGROUND

This action stems from a four-years-long legal battle concerning the Association's efforts to remove two service dogs from Plaintiffs' condominium unit based on nuisance

complaints from other unit owners. The background and procedural history of this case is set forth in the prior opinions and Orders of the Court, which are incorporated by reference, and, therefore, only the history relevant to the issue now before the Court is summarized here. [ECF Nos. 29 and 31]; *see Mercier v. Turnberry Isle S. Condo. Ass'n*, No. 21-cv-23311, 2021 WL 8155947, at *2 (S.D. Fla. Dec. 20, 2021) (O'Sullivan, J.), *report and recommendation adopted*, 2022 WL 1211379 (S.D. Fla. Apr. 25, 2022) (Cooke, J.).

This case arose after an arbitrator entered an order (the "Arbitration Order") on August 21, 2020, requiring Plaintiffs, Vincent Mercier and Irina Mercier (collectively, "Plaintiffs"), to remove their service dogs from their condominium unit on grounds they were a nuisance. While the Association's action to enforce the Arbitration Order was pending in state court, and on the date the state court held a hearing on the Association's Motion for Summary Judgment, Plaintiffs filed the Complaint in this action on September 14, 2021. [ECF No. 1]. In the Complaint, Plaintiffs asserted three claims seeking injunctive relief and damages based on alleged violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604 *et seq.*, and Florida's Fair Housing Act, Fla. Stat. § 760.23 *et seq.*, as well as declaratory relief regarding Plaintiffs' right to keep their service dogs within their condominium unit despite the Arbitration Order in favor of the Association permitting the removal of Plaintiffs' service dogs. *Id.*

On November 8, 2021, Plaintiffs filed a Renewed Motion to Stay Removal of Plaintiffs' Service Dogs from Plaintiffs' Home. [ECF No. 24]. On December 20, 2021, upon consideration of Plaintiffs' Motion to Stay, Magistrate Judge John J. O'Sullivan found the

*Rooker–Feldman* doctrine[1] precludes the District Court from reviewing the state court's Summary Final Judgment requiring the removal of Plaintiffs' two service dogs from their condominium unit, and, therefore, recommended the Court deny Plaintiffs' Motion to Stay. [ECF No. 29]; *Mercier*, 2021 WL 8155947, at *8. The District Court, Judge Marcia G. Cooke, adopted the Report and Recommendation on April 25, 2022, and *sua sponte* dismissed the instant case for lack of jurisdiction based on application of the *Rooker–Feldman* doctrine. [ECF No. 31].

On May 18, 2022, the Association filed the Motion now before the Court. [ECF No. 32]. In the Motion, the Association seeks an Order determining that it is entitled to recover prevailing party fees and costs in this action, pursuant to Title 42, United States Code, Section 3613(c)(2), on grounds Plaintiffs' claims were groundless and frivolous from their inception. *See id.* at 3. The Association avers Plaintiffs did not file the instant action in good faith, but, rather, initiated this action to stall the removal of their service dogs after Plaintiffs sat on their rights and received several adverse rulings and orders as a result of their inaction throughout the proceedings in arbitration and the state court action. *Id.* at 3–5.

In Response, Plaintiffs assert two arguments: (1) imposition of a fee award against non-prevailing plaintiffs would create a chilling effect and discourage the prosecution of discrimination claims; and (2) prevailing party fees are unwarranted in this case because, although the Court dismissed the action on procedural grounds (*i.e.*, lack of jurisdiction), the

---

[1] Pursuant to the *Rooker–Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)).

Court did not make any finding that Plaintiffs' underlying claims were meritless or without foundation. Response at 2–8.

## II.      APPLICABLE LEGAL STANDARDS

### A. *Entitlement To Attorney's Fees And Costs*

In accordance with the "American Rule," federal courts generally do not award attorney's fees to a prevailing party, and, therefore, each party must pay its own fees. *Smalbein v. City of Daytona Beach*, 353 F.3d 901, 904 (11th Cir. 2003). Where, however, Congress has given explicit statutory authority under fee-shifting statutes, courts may award attorney's fees to the prevailing party. *Id.* (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 602 (2001)). The Fair Housing Act ("FHA") contains one such fee-shifting provision enacted by Congress. 42 U.S.C. § 3613(c)(2). Section 3613(c)(2) of the FHA allows a district court, in its discretion, to award the prevailing party a reasonable attorney's fee and costs. 42 U.S.C. § 3613(c)(2).[2]

### B. *Prevailing Party Status*

A prevailing party is "one who has been awarded some relief by the court." *Buckhannon*, 532 U.S. at 603. The Supreme Court has specified that for purposes of fee-shifting statutes, a party has not prevailed unless there has been an "enforceable alteration of the legal relationship of the parties." *Walter Int'l Prods., Inc. v. Salinas*, No. 07-20136, 2009 WL 10697349, at *1 (S.D. Fla. Oct. 2, 2009) (Seitz, J.) (citing *Buckhannon*, 532 U.S. at 622). Therefore, for there to be a prevailing party, "[i]t is axiomatic that there must be a judicial determination on the merits." *Davis v. Jackson*, 776 F. Supp. 2d 1314, 1317 (M.D. Fla. 2011);

---

[2] Section 3613(c)(2) provides that "[i]n a civil action [under the FHA], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs." 42 U.S.C. § 3613(c)(2).

*Interim Healthcare Inc. v. Suncoast Loving Care, LLC*, No. 18-CV-60766, 2018 WL 6620314, at *3 (S.D. Fla. Nov. 28, 2018) (Seltzer, J.), *report and recommendation adopted*, 2018 WL 6978625 (S.D. Fla. Dec. 28, 2018) (Gayles, J.) ("[T]he Supreme Court has held that, for a party to be 'prevailing,' there must be a 'judicially sanctioned change in the legal relationship of the parties.'").

Several courts in this District have held that a defendant cannot be a prevailing party for purposes of fee-shifting statutes where the district court dismisses or disposes of the complaint for lack of jurisdiction, subject matter or otherwise. *See id.* ("[A] dismissal without prejudice on jurisdictional grounds does not constitute a 'determination of any significant issue in the case' or a resolution that 'brings the litigation to an end.'"); *Trugon Props., Inc. v. American First Federal, Inc.*, No. 20-CV-61369, 2021 WL 3914454, at *1 (S.D. Fla. Aug. 9, 2021) (Valle, J.) (finding the defendant is not the prevailing party where the district court dismissed the case for lack of federal subject matter jurisdiction based on application of the *Rooker–Feldman* doctrine, and as such the dismissal was not on the merits of the action, but was based solely on the lack of subject matter jurisdiction), *report and recommendation adopted*, 2021 WL 3913049 (S.D. Fla. Sept. 1, 2021) (Williams, J.); *Maale v. Kirchgessner,* No. 08–80131, 2011 WL 1549058, at *2 (S.D. Fla. April 22, 2011) (Dimitrouleas, J.) (holding that order dismissing case for lack of jurisdiction does not render either party a "prevailing party" because there has been no determination on merits of the claim).

## III.   DISCUSSION

The Association asserts that it should be awarded prevailing party attorney's fees and costs pursuant to 42 U.S.C. § 3613(c)(2) due to the groundless and frivolous nature of Plaintiffs' claims under the FHA. The threshold consideration for the Court is whether the

Association is the "prevailing party" in this action. The undersigned notes that the Association does not address this threshold question, that is, on what basis it considers itself the prevailing party in this action. In fact, neither party addresses this threshold question in their memoranda.

The undersigned finds that the Association is not the prevailing party in this action for purposes of the FHA's fee-shifting provision because the Court's *sua sponte* dismissal was not on the merits of Plaintiffs' claims. Rather, the dismissal was on procedural grounds—lack of jurisdiction based on application of the *Rooker–Feldman* doctrine. The undersigned also notes the dismissal was without prejudice, and, therefore, Plaintiffs may still pursue a determination of the alleged housing discrimination claims raised in their Complaint in another forum, if they choose to do so. *See Christu v. Pizzola*, No. 19-80459, 2020 WL 4462186, at *2 (S.D. Fla. Aug. 4, 2020) (Marra, J.) ("A dismissal *without prejudice* for lack of subject matter jurisdiction ordinarily is not viewed as one conferring 'prevailing party' status – primarily because the parties remain free to seek a determination of the issues in another forum, and the legal relationship between the parties following such a disposition has not been materially changed."); *Interim Healthcare*, 2018 WL 6620314, at *3 ("Ample authority supports the proposition that dismissals for lack of subject matter jurisdiction do not alter the legal relationship of the parties.") (collecting federal and Florida cases).

Therefore, the Court's dismissal did not alter the legal relationship between the parties because: (a) Plaintiffs remain free to refile their action in state court; (ii) neither party has obtained relief on the merits of the claims; and (iii) there has been no "judicial imprimatur" on the change in the legal relationship between the parties. *Interim Healthcare*, 2018 WL 6620314, at *3 (citing *Smalbein*, 353 F.3d at 905); *Trugon*, 2021 WL 3914454, at * 2–3.

6

Accordingly, the undersigned concludes that the Association is not the prevailing party because the Court's *sua sponte* dismissal was not on the merits of the action but, rather, was solely based on procedural grounds for lack of jurisdiction. Consequently, the Association has not demonstrated an entitlement to attorney's fees and costs in this action under Section 3613(c)(2) of the FHA.

## IV.    RECOMMENDATION

For all the reasons set forth above, the undersigned respectfully recommends that Defendant's Motion for Entitlement to Prevailing Party Fees [ECF No. 32] be **DENIED**.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 4th day of November 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Marcia G. Cooke, *U.S. District Judge*
Counsel of Record

7